# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CARNELL DESHAWN KELLY, | ) |
| | ) |
| Plaintiff, *pro se*, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) **AND RECOMMENDATION** |
| | ) |
| UNITED STATES OF AMERICA | ) 1:10CV948 |
| and UNITED STATES | ) |
| DEPARTMENT OF JUSTICE | ) |
| DRUG ENFORCEMENT | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on Defendants' motion to dismiss, or in the alternative, for summary judgment [docket no. 12] on Plaintiff's motion for return of property [docket no. 2]. Defendants argue that Plaintiff's motion for return of property should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, Defendants argue that summary judgment should be granted to Defendants pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response in opposition [docket no. 15] to Defendants' motion, and the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion must be dealt with by way of

recommendation. For the reasons discussed herein, it will be recommended that the court grant Defendants' motion to dismiss Plaintiff's motion for return of property.

**BACKGROUND**

On August 17, 2010, Officer A. Edwards of the Greensboro Police Department arrested Plaintiff Carnell Deshawn Kelly; Plaintiff was charged with possession with the intent to sell and distribute cocaine. (Mot. for Return of Property 3). At this time, $3,395.00 was seized from Plaintiff. (Mot. for Return of Property 2). The United States Drug Enforcement Administration (DEA) adopted this seizure on September 10, 2010. (Mem. in Supp. of Mot. to Dismiss 2-3). Plaintiff filed a motion for return of property with the court and served a copy of this document on all parties or their attorneys. (Mot. for Return of Property 3). The motion is dated December 13, 2010. (Mot. for Return of Property 3). Defendants received this motion on December 16, 2010. (Mem. in Supp. of Mot. to Dismiss 5; Resp. in Opp'n 1-2 [docket no. 15]). Plaintiff only challenges the propriety of Defendants' decision to reject his motion for return of property as an untimely attempt to file a claim. (*See* Mot. for Return of Property; *see also* Resp.).

**STANDARD OF REVIEW**

"When a defendant's motion to dismiss challenges a federal court's subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), a plaintiff bears the burden of proving that such jurisdiction exists." *Esau v. Victor*, No. 1:02cv147, 2003 WL 1522946, at *2 (M.D.N.C. Mar. 21, 2003) (citing *Adams v. Bain*, 697 F.2d 1213, 1219

(4th Cir. 1982)). "A court should dismiss an action for want of subject matter jurisdiction 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.' In ruling on a motion to dismiss for lack of jurisdiction, the court may consider materials beyond the bare pleadings." *Esau*, 2003 WL 1522946, at *2 (quoting and citing *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)). With these principles in mind, the court now turns to the motion to dismiss.

**DISCUSSION**

Plaintiff does not even attempt to show that this court has subject matter jurisdiction. "A motion filed under [18 U.S.C. § 983(e)] shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."[1] 18 U.S.C. § 983(e)(5). This subsection provides only for challenges based on insufficiency of notice. "Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute *who does not receive such notice* may file a motion to set aside a declaration of forfeiture . . . ." 18 U.S.C. § 983(e)(1) (emphasis added). Plaintiff does not meet this criteria. Plaintiff makes no arguments with regards to notice; in fact, he does not even vaguely reference notice or lack thereof. (*See* Mot. for Return of Property; *see also* Resp.). This court thus lacks subject matter jurisdiction in this case.

---

[1] Plaintiff does not dispute the application of 18 U.S.C. § 983(e).

**CONCLUSION**

It is therefore **RECOMMENDED** that Defendants' motion to dismiss [docket no. 12] be **GRANTED** and Plaintiff's motion for return of property be **DISMISSED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
July 22, 2011