IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CARNELL DESHAWN KELLY,              )
                                    )
            Plaintiff,              )
                                    )
    v.                              )
                                    )           1:10CV948
UNITED STATES OF AMERICA            )
and UNITED STATES DEPARTMENT        )
OF JUSTICE DRUG ENFORCEMENT         )
ADMINISTRATION,                     )
                                    )
            Defendants.             )

## ORDER

On July 22, 2011, in accordance with 28 U.S.C. § 636(b), the Recommendation of the United States Magistrate Judge to dismiss this action was filed, and notice was served on Plaintiff Carnell Deshawn Kelly ("Kelly"), and a copy was given to the court.

Within the time limitation set forth in the statute, Kelly objected to the Recommendation. (Docs. 19, 20, 21.) In his objections, Kelly argues that he did not receive notice of the forfeiture, as required by 18 U.S.C. § 983(a)(1). Kelly has also filed documents in support of his objections in which he requests leave "to file 18 U.S.C. 983(a)(1)(F)" or in the alternative seeks an evidentiary hearing (Doc. 21), and the Government has filed a Response (Doc. 22).

Kelly's current contentions were not raised in his Motion for Return of Property, which initiated this action (see Doc. 2), or before the Magistrate Judge, but are raised now that Kelly has a Recommendation entered against him and understands that once an

administrative declaration of forfeiture has been issued, his exclusive remedy is to challenge notice under § 983(e).[1] McKinney v. U.S. Dep't of Justice Drug Enforcement Admin., 580 F. Supp. 2d 1, 3 (D.D.C. 2008).

The court has carefully considered all of Kelly's filings and has concluded that, to the extent Kelly requests that the court consider new evidence raised on his objections, the court will decline to exercise its discretion to do so under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3). Further, the court concludes that the Government is correct and that nothing included in Kelly's filings could change the result that this court lacks subject matter jurisdiction. Thus, to the extent Kelly's remaining filings seek any further relief, they will be denied.

For Kelly's benefit, the court notes that even if it were to consider his evidence, his challenge would fail because the record makes clear that he received notice of the forfeiture. The Drug Enforcement Administration ("DEA") served its notices of forfeiture on last-known addresses for Kelly, as well as by publication in the Wall Street Journal. Two of the notices of forfeiture, served on November 8, 2010, provided that to contest the forfeiture Kelly must submit a claim to be received by forfeiture counsel by

---

[1] Section 983(e)(1) provides that "[a]ny person entitled to written notice . . . under a civil forfeiture statute who *does not receive such notice* may file a motion to set aside a declaration of forfeiture." 18 U.S.C. § 983(e)(1) (emphasis added).

2

December 13, 2010.  (Doc. 13-3.)  However, on December 16, 2010, the DEA received a "Motion for Return of Property" that had been filed in this court on December 13, 2010, by Kelly by and through his attorney of record, Samuel Richardson, III.  (Doc. 13-4.) Kelly's motion referenced the exact sum seized from him during his arrest ($3,395.00), was sent to the correct DEA address noted by the notice of forfeiture, and referenced the correct "Asset ID Number" that the DEA had assigned to his forfeiture.  Thus, it is clear that Kelly's attorney received that information – particularly the DEA "Asset ID Number" assigned to the case – from one of the four letters of notice sent to Kelly's last-known addresses, and most probably the ones served November 8, 2010 (that contained the December 13, 2010, deadline).  Kelly does not dispute that Samuel Richardson, III, was retained to protect his interests. (Doc. 19 at 5 ("Plaintiff avers and states that attorney Samuel Richardson, III, was responsible."); Doc. 20 at 1 ("[M]y attorney handled all matters pertaining to this issue including filing and pleadings.").)  Thus, Kelly's counsel was acting as Kelly's agent, and this establishes that Kelly received the notice of forfeiture and turned it over to his attorney.  Cf. Can v. U.S. Drug Enforcement Agency, 764 F. Supp. 2d 519, 521-22 (W.D.N.Y. 2011) (finding that a letter mailed by plaintiff's attorney to the DEA that referenced information found in the DEA's notice to plaintiff

3

demonstrated that plaintiff received notice of the forfeiture proceedings against him).

Kelly contends that "'notice' of the proceedings were [sic] being sent directly to attorney Richardson's office." (Doc. 19 at 5.) Whether Kelly contends that the notices of forfeiture were being referred to his attorney without Kelly's knowledge or that the DEA corresponded directly with his attorney is not clear. In either case, he cannot prevail. Kelly concedes that Samuel Richardson, III, was his attorney during the relevant time period.[2] As such, his attorney was acting as his agent, and any acts of Kelly's counsel are imputed to Kelly. SEC v. McNulty, 137 F.3d 732, 739 (2d Cir. 1998) ("Normally, the conduct of an attorney is imputed to his client, for allowing a party to evade 'the consequences of the acts or omissions of [] his freely selected agent' 'would be wholly inconsistent with our system of representative litigation.'") (alteration in original) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)). Mr. Richardson's knowledge of the DEA action is therefore imputed to Kelly. Moreover, Kelly's contention that he was unaware of the DEA forfeiture action is conclusively rebutted by the fact that on December 11, 2010, he completed a "Declaration and Request To Proceed In Forma Pauperis" that he filed on December 13, 2010, with

---

[2] Kelly contends that his counsel sought leave to withdraw. (Doc. 19 at 3.) But counsel's motion came long after the events in question, and the motion was never acted upon.

and in support of his Motion for Return of Property. (Doc. 1.) Thus, he clearly had notice of the Motion for Return of Property filed on his behalf that contains the DEA forfeiture number. Furthermore, to the extent the DEA sent notice of its decision to grant Kelly twenty additional days to contest the seizure directly to Kelly's attorney, such action was proper inasmuch as Kelly does not dispute that his attorney was retained for the very purpose of seeking return of the seized property. See Can, 764 F. Supp. 2d at 522 ("The DEA's response by notice [to plaintiff's attorney] . . . confirmed for Reyes [plaintiff's counsel] and Can [plaintiff] that the proper agency had been contacted, and set forth a specific remedy for [plaintiff].").

The court has reviewed the portions of the Magistrate Judge's report to which objection was made and has made a *de novo* determination, which is in accord with the Magistrate Judge's report. The court hereby adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 12) be GRANTED, and Kelly's motion for return of property (Doc. 2) be DISMISSED. All of Kelly's remaining motions are DENIED.

A Judgment dismissing this action will be entered contemporaneously with this Order.

                                    /s/ Thomas D. Schroeder
                                    United States District Judge
September 23, 2011